```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                              :
SHABARI NAYAK,                                :
                                              :   ORDER DENYING IN PART AND
                              Plaintiff,      :   GRANTING IN PART
           -against-                          :   DEFENDANTS' MOTION FOR
                                              :   SUMMARY JUDGMENT, AND
JEFFERIES GROUP LLC, PETER SCOTT, in his      :   GRANTING DEFENDANTS'
individual and professional capacities, and   :   MOTION TO SEAL
CHRISTOPHER M. KANOFF, in his individual      :
and professional capacities,                  :   16-cv-6528
                                              :
                              Defendant.      :
                                              :
------------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiff Shabari Nayak filed this action on August 17, 2016, pursuant to the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* (Counts I, II), the New York State Human Rights Law, N.Y. Exec. L. § 296 (Counts III, IV, V), the New York City Human Rights Law, N.Y.C. Admin. Code § 8–101 *et seq.* (Counts VI, VII, VIII), the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (Counts IX, X), the New York Equal Pay Law, New York Labor Law § 194 (Counts XI, XII), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Counts XIII, XIV), alleging that she was unlawfully denied an end-of-year bonus after disclosing her pregnancy in August 2015 to Christopher Kanoff and Peter Scott, her superiors. According to Plaintiff, because of her pregnancy, she received unduly poor performance ratings and was perceived as having taken her "foot off the gas." That year, unlike her prior years at Jefferies Group LLC, Plaintiff did not receive an end-of-year bonus in December. Plaintiff took maternity leave in January 2016 and provided notice of resignation in March of that year. Upon her resignation, Plaintiff also owed certain stock options to Defendants (worth about $190,000),

1

which, after the filing of this lawsuit, Plaintiff returned upon Defendants' request. Plaintiff alleges that Defendants' request was retaliatory.

Defendants now move for summary judgment. *See* Dkt No. 60. A court should grant summary judgment if there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). On summary judgment, the court must "view the evidence in the light most favorable to the party opposing summary judgment ... draw all reasonable inferences in favor of that party, and ... eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004). Defendant also move to seal portions of its motion for summary judgment and supporting papers, those largely relating to the compensation and evaluation of its employees. Plaintiff consents to dismiss the equal pay claims, *i.e.*, Counts IX, X, XI, and XII.

As the parties' conflicting submissions amply show, this fact-heavy lawsuit cannot be resolved before trial. There is conflicting testimony as to how Kanoff and Scott reacted to Plaintiff's pregnancy and as to the role they each played in evaluating and compensating Plaintiff. There are further material issues as to the factors Defendants considered in awarding discretionary end-of-year bonuses, and as to Jefferies' policy in demanding stock options owed to it. The Court cannot at summary judgment determine the extent to which, if any, Plaintiff's gender and maternity influenced Defendants' employment decisions.

Defendants' motion for summary judgment is therefore denied in part and granted in part. Counts IX, X, XI, and XII are dismissed on consent. Summary judgment is denied as to the remaining counts. Defendants' motion to seal is granted. The Clerk shall terminate the motions (Dkt. Nos. 60, 68). Oral argument, scheduled for August 23, 2018, is cancelled. The parties shall appear for a status conference on September 14, 2018, at 10:00.

SO ORDERED.

Dated: August 20, 2018
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3